IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**TYRONE BLOCKER**,

          Appellant,

vs.

**HSBC BANK**,

          Appellee.

Civil Case No. 10-127-KI *(Lead Case)*
Civil Case No. 10-623-KI

OPINION AND ORDER

    Tyrone Blocker
    #5913205
    Santiam Correctional Institution
    Box 535
    4005 Aumsville Highway SE
    Salem, Oregon  97317-9112

        Pro Se Appellant

Page 1 - OPINION AND ORDER

Kelly D. Sutherland
Shapiro & Sutherland, LLC
5501 NE 109th Court, Suite N
Vancouver, Washington  98662

James N. Esterkin
210 S.W. Morrison Street, Suite 600
Portland, Oregon  97204

       Attorneys for Appellee

KING, Judge:

Debtor Tyrone Blocker, appearing pro se, brought these consolidated actions appealing two orders of the United States Bankruptcy Court for the District of Oregon ("Bankruptcy Court"), the first granting the motion of the creditor, HSBC Bank ("the Bank") for relief from stay, and the second denying Blocker's motion for a discretionary stay during the pendency of Blocker's appeal from the first order. The Bank moves to dismiss both appeals as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 25, 2009, Blocker filed a petition under Chapter 7 of the United States Bankruptcy Code. Under 11 U.S.C. § 362, the filing of a bankruptcy petition operates as a stay applicable to all entities.

On April 7, 2009, the Bank filed a motion for relief from the stay. On May 27, 2009, the Bankruptcy Court granted the Bank's motion. On August 28, 2009, Blocker filed a motion to vacate the order granting relief from stay. The motion to vacate was denied for lack of jurisdiction on September 18, 2009. Blocker filed a motion to reconsider, which was denied on September 21, 2009. Blocker appealed the order granting relief from stay on September 30, 2009. On October 9, 2009, Blocker filed a motion for discretionary stay pending appeal, which the Bankruptcy Court

denied on October 14, 2009. Blocker appealed that ruling on October 22, 2009. Blocker's opening brief was due December 30, 2009. Blocker did not meet this deadline. On February 3, 2010, the Bankruptcy Court transmitted the case to this court, noting that the appeal filing fee had not been paid, oral argument had not been requested, and the briefing schedule had not been completed.

On February 26, 2010, the Bankruptcy Court entered an order under which the trustee abandoned any interest in the residential property. Deft.'s Mem. in Support, Exh. B. On March 16, 2010, the Bank applied to the Bankruptcy Court for an order confirming that the automatic stay had terminated 30 days after Blocker filed his petition, pursuant to 11 U.S.C. § 362 (c)(3)(A). Section 362 provides, in pertinent part:

> **(c)** [I]f a single or joint case is filed by or against [a] debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)--
>
> > **(A)** the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;
> >
> > **(B)** on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed;

Page 3 - OPINION AND ORDER

> **(C)** for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such a presumption may be rebutted by clear and convincing evidence to the contrary--
> **(i)** as to all creditors, if--
>
> > **(I)** more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1-year period[.]

The Bank attached a copy of the court docket from a bankruptcy petition Blocker had filed on August 15, 2008. Def.'s Mem. in Support, Exh. A. On the same day, Bankruptcy Judge Randall Dunn ordered that unless an interested party filed a written objection within 14 days, the automatic stay would be determined to have terminated. Id. Blocker asserts that he never received notice of the Bank's order or the court's ruling. No objection was forthcoming. Consequently, the automatic stay was deemed terminated March 27, 2009, 30 days after Blocker's February 25, 2009 bankruptcy petition was filed.

On May 13, 2010, Blocker filed his opening appeal brief in this court (doc. # 181). On May 14, 2010, the Bank filed the current motion to dismiss the appeals (doc. # 178). This court stayed further briefing on the appeal pending the court's ruling on the Bank's motion to dismiss (doc. # 180). On June 22, 2010, the court granted Blocker's motion for extension of time to respond to the Bank's motion to dismiss, up to and including June 24, 2010 (doc. # 185). Blocker filed his response on June 29, 2010.

## DISCUSSION

In its motion to dismiss, the Bank contends that because the Bankruptcy Court has ruled that the automatic stay terminated on March 27, 2009, the Bankruptcy Court's two later rulings, the

August 31, 2009 order granting relief from stay and the subsequent denial of the motion for discretionary stay pending appeal, are moot.

In response, Blocker acknowledges that he filed a bankruptcy petition on August 15, 2008.[1] However, he asserts that he did not receive notice from the Bankruptcy Court of Judge Dunn's March 16, 2010 order that the stay had terminated as of March 27, 2009.

Article III of the United States Constitution limits federal court jurisdiction to "actual, ongoing cases or controversies." Wolfson v. Brammer, 616 F.3d 1045, 1053 (9th Cir. 2010), *quoting* Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990). See also Aetna Life Ins. v. Haworth, 300 U.S. 227, 241 (1937) (federal courts may resolve only "real and substantial controvers[ies] admitting of specific relief").

A case may become moot at any stage after it is filed if the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. Tate v. Univ. Medical Center of S. Nevada, 606 F.3d 631, 634 (9th Cir. 2010); Independent Living Center of S. California, Inc. v. Maxwell-Jolly, 590 F.3d 725, 727 (9th Cir. 2009) ("A claim that has lost its character as a live controversy is considered moot, and thus we lack jurisdiction to consider it.") The "basic question is whether there exists a present controversy as to which effective relief can be granted." Id.

I conclude that the Bankruptcy Court's order of March 16, 2010 moots Blocker's appeals, because this court's review of the two stay orders appealed from would not affect the Bankruptcy

---

[1] Blocker designates the petition as "premature," because in December 2006, the Bankruptcy Court had dismissed a previous petition filed by Blocker and ordered Blocker not to file another petition for two years–i.e., not before December 2008. The Bankruptcy Court dismissed the August 15, 2008 petition on September 29, 2008. Blocker then filed the petition of February 25, 2009.

Page 5 - OPINION AND ORDER

Court's determination that the stay had terminated before the two orders were entered. Any relief this court could grant in connection with Blocker's appeals would have no effect on the termination of the stay, and therefore would not be effective.

The Bank's motion to dismiss (doc. # 178) is GRANTED. This action is dismissed, on the ground of lack of jurisdiction.

IT IS SO ORDERED.

Dated this      9th       day of November, 2010.

                                          /s/ Garr M. King
                                          Garr M. King
                                          United States District Judge